UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KENNETH A. WIDEL,**

          Petitioner,

-vs-                                          Case No.  6:06-cv-646-Orl-19JGG

**LUCY D. HADI, Secretary, Department
of Children and Families, FLORIDA
ATTORNEY GENERAL,**

          Respondents.
_____

## ORDER

This case comes before the Court on the following:

1. Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1, filed May 8, 2006);

2. Response by Respondents to Petition (Doc. No. 10, filed Oct. 20, 2006); and

3. Reply by Petitioner to Response to Petition (Doc. No. 19, filed Jan. 18, 2007).

**Background**

On November 20, 2002, Petitioner Kenneth A. Widel was civilly committed by the State of Florida as a "sexually violent predator" under Florida's Jimmy Ryce Act ("Ryce Act"). (Doc. No. 1, p. 1; Doc. No. 10, p. 4).[1]  He now petitions this Court for a writ of habeas corpus. (Doc. No. 1, p. 1).

The Ryce Act allows the State of Florida to involuntary commit individuals who are found to be sexually violent predators. The Act defines a sexually violent predator as a person who has

---

[1] The Ryce Act is codified at Fla. Stat. § 394.910-.932 (2007).

been (1) "convicted of a sexually violent offense" and (2) suffers "from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." Fla. Stat. § 394.912; *Hadi v. Liberty Behaviorial Health Corp.*, 927 So. 2d 34, 39 (Fla. DCA 1st 2006). The Act is intended to fill a gap left by the "Baker Act" which permits only short-term involuntary treatment of mentally ill individuals. *Id.* § 394.910. According to the Legislature, "sexually violent predators" are often not candidates for Baker Act treatment because they "generally have antisocial personality features which are unamenable to existing mental illness treatment modalities." *Id.* The Legislature further found that sexually violent predators were likely to engage in "repeat[ed] acts of predatory sexual violence" and therefore required long-term commitment. *Id.* To meet these concerns, the Ryce Act permits long-term commitment of individuals who may not meet the traditional criteria for involuntary commitment. *Id.*

Commitment under the Ryce Act is a multi-step process. The Act first requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. *Id*. § 394.913. The evaluation is conducted by a "multi-disciplinary" team of mental health professionals who must determine whether the individual "meets the definition of a sexually violent predator." *Id.* Following the evaluation, the state attorney may file a petition with the Circuit Court alleging that the individual is a sexually violent predator and should be committed under the Act. *Id.* § 394.914. If the judge determines that probable cause exists that the individual is a sexually violent predator, the judge will order the individual to remain

in custody.[2] *Id.* § 394.915. Thereafter, a jury trial will commence.[3] *Id.* § 394.916. If the jury finds by "clear and convincing evidence" that the individual is a sexually violent predator, the individual will be committed to the custody of the Department of Children and Family Services ("DCFS") for "control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." *Id.* § 394.917. To this end, the Ryce Act requires annual examinations to determine whether the committed individual's mental condition has improved to the point where release is appropriate. *Id.* § 394.918.

Petitioner's confinement process began in December of 1998 while he was imprisoned at the Martin State Correctional Institution. (Ex. A-6, pp. 40, 44). Toward the end of his sentence, Petitioner was evaluated by a multi-disciplinary group of mental health professionals. (*Id.*) The group concluded that Petitioner had an extensive history of exhibitionism and that he scored relatively high on several actuarial prediction models which measure the propensity to re-offend. (Ex. A-6, pp. 46-54, 1904-12).

On January 1, 1999, the State Attorney's Office filed a petition to commit Petitioner as a sexually violent predator.[4] (Doc. No. 10, p. 2). On January 15, 1999, the trial court found probable cause that Petitioner was a sexually violent predator and ordered him to remain in custody. (*Id.* at

---

[2] If the individual's "incarcerative sentence" has expired, the individual will be transferred to a "secure facility" during the proceedings. Fla. Stat. § 394.915.

[3] The case will be tried as a bench trial if neither party requests a jury. Fla. Stat. § 394.916.

[4] The exact date that the petition was filed is unclear. Petitioner's release date from Martin State correctional institute was January 1, 1999. (Ex. A., p. 40). By coincidence, this was also the first day that the Ryce Act became effective. (*Id.* at p. 12). It appears from the record that the State originally filed a petition on January 1, 1999, but in the wrong county. (*Id.* at pp. 33-34). The State voluntarily dismissed that petition and filed a second petition in Osceola County. (*Id.*) The State then filed an amended petition which clarified that Petitioner had been evaluated by a multi-disciplinary team as required by the Ryce Act. (*Id.* at pp. 39-42).

p. 3; Ex. A-6, p. 4). At trial, the State showed that Petitioner had been convicted of a sexually violent crime, specifically a "lewd and lascivious act in the presence of a child and two counts of exposure of sexual organs," and suffered from a number of mental disorders, including exhibitionism, features of pedophilia, and personality disorder.[5] (Doc. No. 10, p. 2; *see generally* Ex. A-5). On November 20, 2002, the jury unanimously found Petitioner to be a sexually violent predator, and the trial judge committed him to the custody of DCFS. (Doc. No. 10, p. 4; Doc. No. 1, p. 1). Petitioner appealed the trial court's judgment, and the Fifth District Court of Appeals affirmed his commitment. (Doc. No. 10, p. 4; Doc. No. 1, p. 1).

On May 6, 2006, Petitioner filed an application for a writ of habeas corpus, asserting two grounds for relief. (Doc. No. 1). First, Petitioner argues that commitment under the Ryce Act is unconstitutional because the Act fails to set standards for the care of sexually violent predators. (Doc. No. 1, pp. 2-8). Second, Petitioner argues that he was constitutionally entitled to a jury instruction at his commitment trial concerning the appropriateness of less restrictive alternative treatments. (*Id.* at pp. 8-10).[6]

The State filed a Response to the Petition on October 20, 2006. (Doc. No. 10). In its Response, the State concedes that the Petition was timely and does not contest whether the Petitioner properly exhausted his state remedies. (*Id.* at pp. 4-6). However, the State argues that Petitioner's constitutional challenge to the Act concerns the "conditions" of his confinement. (*Id.* at pp. 7-8). Therefore, the State argues, his claim must be brought under 42 U.S.C. section 1983 ("section 1983"), rather than 28 U.S.C. section 2254, which is used to challenge the "fact or duration" of

---

[5] Petitioner proceeded *pro se* and declined court-appointed counsel. (Ex. A-4, pp. 2-3).

[6] Petitioner raised both of these grounds at trial and again on appeal. (Ex. A-4, p. 96; Ex. A-5 pp. 585-86; Ex. B, pp. 25, 47).

-4-

confinement. (*Id.*) Second, the State argues that there is no clearly defined right to a jury instruction regarding the appropriateness of less restrictive types of treatment. (*Id.* at pp. 8-10). Petitioner filed a reply, arguing that he seeks release and therefore is not contesting the conditions of confinement. (Doc. No. 19, p. 5). Petitioner further argues that there is abundant Supreme Court case law supporting his right to a jury instruction concerning the appropriateness of less restrictive treatment. (*Id.* at p. 8).

## Standard of Review

Petitioner's application for a writ of habeas corpus is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, habeas relief premised on a state court's legal error is limited to cases "resulting in a decision that was contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court."[7] *Valle v. Sec'y of the Dept. Of Corr.*, 459 F.3d 1206, 1211 (11th Cir. 2006) (citing 28 U.S.C. § 2254(d)(1)).

This statutory language provides two bases for reviewing a state court decision for legal error. Under the "contrary to clause," the writ may be granted "if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts." *Brown v. Sec'y, Dep't of Corr.*, No. 6:06-cv-140, 2007 WL 1100471, *4 (M.D. Fla. Apr. 11, 2007) (quoting *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001)). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if

---

[7] The phrase "clearly established federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

the state court identifies the correct governing legal principle from the United States Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Parker*, 244 F.3d at 835).

**Analysis**

**I.     Constitutionality of Confinement under the Ryce Act**

The Ryce Act has been the subject of numerous due process and equal protection challenges.[8] Petitioner has identified another ground to challenge the Act. Specifically, he contends that the Ryce Act violates due process by failing to set standards for the care and control of sexually violent predators. (Doc. No. 1, p. 3). Petitioner argues that, in failing to set standards for treatment, the Ryce Act makes an arbitrary and irrational distinction between persons committed under the Ryce Act and persons committed under the Baker Act. (*Id.* at p. 4). Moreover, Petitioner argues that the Ryce Act's silence on the standards of care renders the Act punitive in the sense that Ryce Act inmates are treated no better than prison inmates. (*Id.* at pp. 6-10). As a result, Petitioner

---

[8] *See Westerheide v. State*, 831 So. 2d 93, 104-12 (Fla. 2002) (finding that the Ryce Act does not violate due process by failing to provide for less restrictive alternative treatments, by delaying treatment until the offender has completed his prison sentence, or by waiving the confidentiality of the treatment process; finding that the Ryce Act does not violate equal protection by failing to set evaluation standards or by generally distinguishing between mentally ill individuals and sexually violent predators); *Murray v. Regier*, 872 So. 2d 217, 224 (Fla. 2002) (finding that commitment under the Ryce Act did not violate an offender's due process right to specific performance of the State's plea bargain in his original criminal prosecution); *Hudson v. State*, 825 So. 2d 460, 465-72 (Fla. DCA 1st 2002) (finding no equal protection violation for the statute's distinction, for purposes of commitment procedures, between mentally ill persons generally and violent sexual predators; finding no due process violation for statute's failure to contain a provision requiring a factual determination that the sex offender posed imminent danger absent confinement; finding that the statute was not unconstitutionally vague for using the term "likely to engage in acts of sexual violence"); *Kearney v. Baker*, 834 So. 2d 347, 348-49 (Fla. DCA 3d 2003)(finding that a holding center violated an offender's right to due process by segregating him as punishment for a verbal altercation with guards).

contends, the Act violates the Double Jeopardy and Ex Post Facto Clauses. (*Id.*) Petitioner does not discuss his own conditions of confinement but offers to present evidence on the matter if the Court deems it relevant. (*Id.* at pp. 7-8).

### A.     Appropriate Cause of Action

The State does not address the merits of Petitioner's arguments. Rather, it argues that Petitioner is actually addressing the "conditions of confinement," not the fact or duration of confinement. (Doc. No. 10, pp. 7-8). According to the State, challenges to the conditions of confinement must be brought under 42 U.S.C. section 1983. (*Id.*) Because Petitioner brought his challenge under the habeas statute, the State argues, his claim must be dismissed and re-filed under section 1983. (*Id.*) Petitioner filed a Reply, arguing that the Petition attacks the fact of his confinement under an unconstitutional statute. (Doc. No. 19, pp. 5). Further, Petitioner argues, his claim falls under habeas because he is seeking release as a remedy, not modifications to his confinement. (*Id.*)

The State's response to Petitioner misses several key principles regarding the interplay of section 1983 and the habeas statute. First, the United States Supreme Court has held only that "as-applied challenges" to the conditions of confinement must be brought under section 1983 rather than the habeas statute.[9] In *Seling v. Young*, 531 U.S. 250 (2001), a sexually violent predator brought an "as-applied" challenge under the federal habeas statute to Washington's commitment scheme based on the conditions of his confinement. *Id.* at 264. The Court reasoned that such an "as-applied"

---

[9] "As applied" challenges examine the constitutionality of applying a statute to a particular set of facts. *Young*, 531 U.S. at 262-63. If a court holds that a statute is unconstitutional as applied to a particular set of facts, it does not necessarily follow that the statute is unconstitutional when applied to a different set of facts. *Id.*

challenge could not provide a basis to strike down the commitment scheme as a whole if the scheme was otherwise facially valid. *Id.* As result, release from confinement would be inappropriate as a remedy, and the "as-applied" challenge must therefore be brought under section 1983 as an action to rectify the alleged constitutional deficiencies. *Id.* at 265-66. In this case, Petitioner has not brought an "as-applied" challenge to his confinement. *See Young*, 531 U.S. at 264. Petitioner's theory is that the Ryce Act is facially unconstitutional as a whole and cannot provide a basis for his confinement. (Doc. No. 19, p. 5). Thus, Petitioner's habeas claim is not barred by *Young*'s rule against "as-applied" challenges to confinement.

Second, contrary to the State's argument, the case law is not settled on whether suits challenging the conditions of confinement *must* always be brought as section 1983 claims rather than habeas claims. *Docken v. Chase*, 393 F.3d 1024, 1030 n.6 (9th Cir. 2004). Most cases addressing the interplay of section 1983 and the habeas statute, including the cases cited by the State, involve prisoner claims under section 1983 which should have been brought under the habeas statute (and therefore be subject to the habeas statute's timeliness and exhaustion requirements). *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *Gwin v. Snow*, 870 F.2d 616, 626-27 (11th Cir. 1989); *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982). However, in this case the State is making the opposite argument, and in doing so the State overlooks an important point. The Supreme Court has determined that the habeas statute narrows the scope of section 1983 with respect to prisoner claims impacting the fact of confinement,

but it does not necessarily follow that section 1983 narrows the scope of the habeas statute with respect to prisoner claims impacting the conditions of confinement.[10]

Recognizing this distinction, the Ninth Circuit has determined that habeas jurisdiction exists whenever a "conditions" claim "could potentially" affect the fact or duration of confinement. *Docken*, 393 F.3d at 1031. The *Docken* court explicitly rejected the notion that habeas was "mutually exclusive" from section 1983, noting that the First, Second, Fifth, Sixth, Eight, Tenth, and District of Columbia Circuits have examined similar fact patterns and not taken the position that the availability of a section 1983 claim forecloses a habeas action.[11] *Id.* at 1030 n.6. In this case, Petitioner's constitutional attack on the Ryce Act could "potentially" affect the fact of his confinement. If the Court found that the Ryce Act is facially unconstitutional, release would be among the appropriate remedies. *See Young*, 531 U.S. at 262-63 (implying that release would be the appropriate remedy if a commitment scheme was found to be facially unconstitutional).

### B. Merits of Petitioner's Ground for Relief

Nevertheless, even if Petitioner's first ground for relief is analyzed under the habeas statute, his claim fails because the trial and appellate courts' decisions were not contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the United States

---

[10] In *Presier*, the Supreme Court concluded that section 1983 is a proper remedy to challenge prison conditions, but the Court also cautioned, "This is not to say that habeas corpus may not also be available to challenge such prison conditions." *Preiser*, 411 U.S. at 499. The Court's statement in *Presier* is consistent with a later line of cases, including *Middlesex County Sewarage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19-21 (1981), which held that the existence of specific enforcement provisions in other federal statutes foreclose the availability of a more general remedy under section 1983, but also that the "specific over general" analysis only works in only one direction. *Docken*, 393 F.3d at 1027 n.2.

[11] According to the *Docken* court, only the Seventh Circuit has "even implicitly suggested that habeas and section 1983 can be mutually exclusive." *Docken*, 393 F.3d at 1030. The Eleventh Circuit has not opined on the issue.

Supreme Court. 28 U.S.C. § 2254(d)(1). First, Petitioner cannot point to any Supreme Court case which held that it is a violation of due process to allow state agencies to promulgate standards for the care of involuntarily committed patients. In fact, it is well established that states may delegate legislative authority to administrative agencies. *See United Beverage Co. of South Bend, Inc. v. Ind. Alcoholic Beverage Comm'n*, 760 F.2d 155, 157-58 (7th Cir. 1985) (explaining that the "non-delegation doctrine" is based on the federal concept of separation of powers which is not applied against the states by the Due Process Clause of the Fourteenth Amendment).

Further, Plaintiff cannot offer any Supreme Court case law which establishes that it is a violation of equal protection for a State to set different standards of care for violent sexual predators than mentally ill persons generally. Nor has the Supreme Court given any indication that violent sexual predators constitute a suspect or quasi-suspect class. *See generally Young,* 531 U.S. at 261-62; *Kansas v. Hendricks*, 521 U.S. 346, 356-68 (1997). Finally, no Supreme Court case has held that the failure to set statutory standards for the care of involuntarily committed individuals renders their confinement a violation of the Double Jeopardy and Ex Post Facto Clauses. To the contrary, the *Young* court noted that the "civil nature of a confinement scheme cannot be altered based merely on vagaries in the implementation of the authorizing statute." *Young*, 531 U.S. at 263.

Both the trial court and appellate courts rejected Petitioner's challenges to the constitutionality of the Ryce Act. (Ex. A-6, p. 2163; Ex. E). Their decisions were not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner's first ground for relief fails.

## II.     Entitlement to a Jury Instruction Regarding Less Restrictive Alternatives

Petitioner next argues that the state courts erred because "[t]he Federal Constitution requires consideration by the jury in involuntary civil commitment trials of the appropriateness of less restrictive alternative treatment . . . ." (Doc. No. 1, p. 8).  The State argues that there is no "general federal constitutional right to community placement or a least restrictive environment."  (Doc. No. 10, p. 9 (citing *Kulack v. City of New York*, 88 F.3d 63, 73 (2d Cir. 1996)).  Furthermore, the State contends that Petitioner has failed to point to any authority, much less Supreme Court authority, requiring trial courts to give a "less restrictive treatment" instruction during involuntary commitment trials.  (*Id.* at pp. 9-10).  Petitioner replies by citing to *In re Detention of Brooks*,[12] a Washington Supreme Court case.  (Doc. No. 19, p. 7).  He also argues that the trial court erred in determining that *Westerheide v. State*,[13] a Florida Supreme Court decision, precluded the court from giving his requested instruction.  (*Id.* at p. 6).

Again, Petitioner has failed to show that the trial court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).  There is no constitutional requirement during a civil commitment trial that the court instruct the jury to consider the appropriateness of less restrictive treatments.[14]  Petitioner's supporting citation to *In re Detention of Brooks* is unavailing.  *Brooks* was decided by the Washington Supreme Court, not the United States Supreme Court.  Only

---

[12]  36 P.3d 1034, 1042-43 (Wash. 2001).

[13]  767 So. 2d 637 (Fla. DCA 5th 2000), *aff'd* 831 So. 2d 93 (2002).

[14] Only one United States Supreme Court case has addressed jury instructions in a civil commitment proceeding.  *Addington v. Texas*, 441 U.S. 418, 433 (1979).  That case established that the Due Process Clause requires the State, at a minimum, to prove its case through "clear and convincing evidence." *Id.*

the misapplication of clearly established federal law, "as determined by the United States Supreme Court," will provide a basis for habeas relief in federal court. 28 U.S.C. § 2254(d)(1).[15]

Similarly, Petitioner's argument that the trial court misapplied *Westerheide v. State*, 767 So. 2d 637 (Fla. DCA 5th 2000), *aff'd* 831 So. 2d 93 (2002), does not provide a basis for habeas relief because it does not concern an issue of federal law. Petitioner had no entitlement to a "least restrictive" jury instruction under federal law, and the trial court's determination that the *Westerheide* decision *prohibited* it from giving such an instruction is solely a matter of Florida law. Thus, even if Petitioner was correct that the trial court misread *Westerheide*, relief under the federal habeas statute is still inappropriate.[16]  *See* 28 U.S.C. § 2254(d)(1).

In rejecting Petitioner's second ground for relief, the trial and appellate courts' decisions were not contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the United State Supreme Court. 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner's second ground for relief fails.[17]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

---

[15] Moreover, the Washington Supreme Court expressly overruled *Brookes* just two years after the case was decided. *In re Detention of Thorell*, 72 P.3d 708, 724 (Wash. 2003).

[16] Petitioner also interprets *Westerheide* as requiring the jury to find that less restrictive alternative treatments are inappropriate before reaching a commitment verdict. (Doc. No. 19, p. 6). However, *Westerheide* merely states that the inappropriateness of less restrictive alternative treatments is a finding that will be subsumed in a jury's conclusion that a person is a sexually violent predator. *Westerheide*, 767 So. 2d at 649. The decision does not categorize the inappropriateness of less restrictive alternative treatments as a dispositive element in reaching a commitment verdict. *See id.*

[17] The state court record provided a sufficient factual basis to decide the issues presented in the Petition. Accordingly, an evidentiary hearing is unnecessary. 28 U.S.C. §2254(e)(2); *Kelley v. Sec., Dept. Of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004).

**Conclusion**

The Petition Under 28 U.S.C. section 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1, filed May 8, 2006) is **DISMISSED** with prejudice. Petitioner's request for an evidentiary hearing is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November _28__, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party